IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE EDWARDS ,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPUTY SHERIFF TIEDJE # 1276 and the COUNTY OF LAKE,<br><br>    Defendants. | <br>No.  **FILED: JUNE 26, 2008<br>08CV3643<br>JUDGE GUZMAN<br>MAGISTRATE JUDGE DENLOW<br>AEE** |

### COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through Horwitz, Richardson, & Baker LLC., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit DEPUTY SHERIFF TIEDJE # 1276 and (hereinafter, the "DEFENDANT OFFICER"), and the COUNTY OF LAKE:

### JURISDICTION

1.    The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

### PARTIES

2.    PLAINTIFF is a resident of the State of Illinois and of the United States.

3.    The DEFENDANT OFFICER was at all times relevant hereto employed by and acting on behalf of the COUNTY OF LAKE.

4.    The COUNTY OF LAKE is a duly incorporated municipal corporation and is the

1

employer and principal of the DEFENDANT OFFICER as well as the other officers and/or employees referred to in this Complaint.  At all times material to this complaint, the DEFENDANT OFFICER was acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the COUNTY OF LAKE.

## **FACTS**

5.   On or about April 7, 2007,  the DEFENDANT OFFICER was engaged in an unreasonable seizure of the PLAINTIFF.  Specifically, the DEFENDANT OFFICER pepper-sprayed the PLAINTIFF despite the fact that the PLAINTIFF had not resisted arrest, threatened the DEFENDANT OFFICER, and was not a threat to the DEFENDANT OFFICER.  The DEFENDANT OFFICER arrested and charged the PLAINTIFF with resisting arrest, notwithstanding the fact that on April 7, 2007 the PLAINTIFF had not resisted arrest. This conduct violated the Fourth Amendment to the United States Constitution.

 6.   On or about April 7, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault the DEFENDANT OFFICER.

7.     The show of force initiated by the DEFENDANT OFFICER caused an unreasonable seizure to the PLAINTIFF.

 8.    The DEFENDANT OFFICER charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICER failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort.  The DEFENDANT OFFICER did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

9. On April 7, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

10. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICER, PLAINTIFF was caused to suffer damages.

11. On or about April 7, 2007, the DEFENDANT OFFICER was on duty at all times relevant to this complaint and was a duly appointed police officer for the COUNTY OF LAKE. The DEFENDANT OFFICER engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICER.

12. Upon information and belief, DEPUTY SHERIFF TIEDJE # 1276, on April 7, 2007, came into physical contact with PLAINTIFF.

## EQUAL PROTECTION

13. The actions of the DEFENDANT OFFICER, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that the DEFENDANT OFFICER failed in his duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

14. With regard to an Equal Protection Claim, PLAINTIFF was a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis. PLAINTIFF was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT

OFFICER. The DEFENDANT OFFICER acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF. Further, PLAINTIFF was similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Police Officers.

### SPECIFIC ALLEGATIONS REGARDING EQUAL PROTECTION CLASS OF ONE
*(ALTERNATIVE PLEADING)*

15. The DEFENDANT OFFICER has arrested over 20 individuals prior to the arrest of the PLAINTIFF.

16. On at least 20 occasions prior to April 7, 2007 the DEFENDANT has not falsified police reports.

17. On at least 20 occasions prior to April 7, 2007 the DEFENDANT OFFICER has not partaken in, or contributed to, the falsification of police reports.

18. On at least 20 occasions prior to April 7, 2007, wherein the DEFENDANT OFFICER has had occasion to place individuals into custody and/or under arrest, he did not use too much force, under the circumstances.

19. The DEFENDANT OFFICER has been trained, prior to April 7, 2007, that upon the signing of a criminal complaint, there is a strong likelihood that a criminal action will commence against the party against whom the allegations are submitted in the criminal complaint.

20. The DEFENDANT OFFICER, on at least 20 occasions prior to and/or after April 7, 2007, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

21. The DEFENDANT OFFICER, on at least 20 occasions prior to and/or after April 7, 2007, has signed criminal complaints and has not falsified information contained within said charging instruments.

22. The DEFENDANT OFFICER, on at least 20 occasions prior to and/or after April 7, 2007, has not used too much force under the circumstances while the DEFENDANT OFFICER has been involved in an arrest of an individual(s).

23. On April 7, 2007 there was no reasonable reason for the DEFENDANT OFFICER to falsify a police report and/or criminal complaint or use more force than was necessary with respect to PLAINTIFF.

## COUNT I
### §1983 Excessive Force

24. PLAINTIFF re-alleges paragraphs 1 – 23 as though fully set forth herein.

25. The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICER amounted to an excessive use of force onto PLAINTIFF. This conduct violates the Fourth Amendment of the United States Constitution.

26. The aforementioned actions of the DEFENDANT OFFICER were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICER. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICER. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II
### §1983 False Arrest

27. PLAINTIFF re-alleges paragraphs 1 – 23 as though fully set forth herein.

28. The actions of the DEFENDANT OFFICER caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICER was in violation of the Fourth Amendment to the United States Constitution.

29. The aforementioned actions of the DEFENDANT OFFICER were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICER. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICER. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT III
### False Arrest –State Claim

30. PLAINTIFF re-alleges paragraphs 1 – 23 as though fully set forth herein.

31. The DEFENDANT OFFICER arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICER was in violation of the Constitution to the State of Illinois as well as Illinois law.

32. The aforementioned actions of the DEFENDANT OFFICER were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICER. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICER. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
### Battery –State Claim

33. PLAINTIFF re-alleges paragraphs 1 – 23 as though fully set forth herein.

34. The DEFENDANT OFFICER pepper sprayed the PLAINTIFF intentionally, without consent and without justification.

35. The conduct of the DEFENDANT OFFICER was in violation of Illinois Law.

36. The aforementioned actions of the DEFENDANT OFFICER were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICER.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICER.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT V
### Malicious Prosecution - State Claim

37. PLAINTIFF re-alleges paragraphs 1 – 23 as though fully set forth herein.

38. The DEFENDANT OFFICER alleged that PLAINTIFF violated the laws of the State of Illinois.  These allegations commenced or continued a criminal proceeding against PLAINTIFF.

39. The DEFENDANT OFFICER engaged in this effort without probable cause.

40. The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

41. The underlying criminal charges were resolved in a manner indicative of innocence.

42. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICER. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICER. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VI
### § 1983 Equal Protection – Class of One

43. PLAINTIFF re-alleges paragraphs 1 – 23 as though fully set forth herein.

44. The actions of the DEFENDANT OFFICER violated the Equal Protection clause to the United States Constitution.

45. The aforementioned actions of said DEFENDANT OFFICER were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICER. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICER. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VII
### 745 ILCS 10/9-102 Claim Against the COUNTY OF LAKE

46. PLAINTIFF re-alleges paragraphs 1 – 45 as though fully set forth herein.

47. Defendant COUNTY OF LAKE is the employer of the DEFENDANT OFFICER alleged above.

48. The DEFENDANT OFFICER, as alleged above, committed the acts under color of law and in the scope of employment of the COUNTY OF LAKE.

WHEREFORE, should the DEFENDANT OFFICER be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the COUNTY OF LAKE pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICER as a result of this complaint.

### COUNT VIII
### Supplementary Claim for *Respondeat Superior*

49. PLAINTIFF re-alleges paragraphs 1 – 45 as though fully set forth herein.

50. The aforesaid acts of the DEFENDANT OFFICER were in the scope of employment and therefore the Defendant COUNTY OF LAKE, as principal, is liable for the actions of its agent under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICER be found liable for any state claims alleged herein, Plaintiff demands judgment against the COUNTY OF LAKE and such other additional relief, as this Court deems equitable and just.

### JURY DEMAND

51. Plaintiff demands trial by jury.

Respectfully submitted,

s/ Blake Horwitz_____
Attorney for the Plaintiff
Blake Horwitz

9

**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076