IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 CV 3643 |
| ) | |
| DEPUTY SHERIFF TIEDJE #1276 and ) | Judge Guzman |
| the COUNTY OF LAKE, ) | |
| ) | Magistrate Judge Denlow |
| ) | |
| Defendants. ) | |

### DEFENDANTS DEPUTY SHERIFF TIEDJE #1276 AND THE COUNTY OF LAKE'S MOTION TO DISMISS

Defendants DEPUTY SHERIFF TIEDJE and COUNTY OF LAKE, by MICHAEL WALLER, State's Attorney of Lake County, Illinois and by TARA ORI and GUNNAR GUNNARSSON, Assistant State's Attorneys for Lake County, pursuant to FRCP 12(b)(6), hereby move to dismiss Counts III, IV, VI and VIII of the Complaint and in support of their motion state as follows:

1. Plaintiff's eight count complaint asserts claims against these defendants as follows: Count I, a Section 1983 Fourth Amendment excessive force claim; Count II, a Section 1983 Fourth Amendment false arrest claim; Count III, a state law false arrest claim; Count IV, a state law battery claim; Count V, a state law malicious prosecution claim; Count VI, a Section 1983 equal protection "class of one" claim; Count VII a state law claim for indemnification; and Count VIII, a state law respondeat superior claim.

2. In his complaint, Plaintiff alleges, inter alia, that he was arrested on April 7, 2007 by Lake

      County Deputy Sheriff Tiedje and that in making the arrest Tiedje used excessive force. The complaint herein was filed on June 26, 2008.

3. Plaintiff's state law excessive force (Count III) and false arrest (Count IV) claims were therefore filed more than one year after the accrual of the claims and therefore were filed after the expiration of the applicable one year statute of limitations period set forth in Section 8-101(a) of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/8-101(a). Therefore Counts III and IV of the Complaint should be dismissed.

4. Plaintiff's equal protection "class of one" claim (Count VI) fails to allege that defendant Tiedje treated plaintiff differently than others due to a personal animus. Accordingly, Count VI of the Complaint should be dismissed . *See e.g.*, *Fenje v. Board of Governors*, 2002 WL 959837, 7 (N.D.Ill.,2002); *Hilton v. City of Wheeling*, 209 F.3d 1005, 1008 (7th Cir., 2000).

5. Plaintiff's state law respondeat superior claim is founded on his premise that the County of Lake is the employer of Deputy Sheriff Tiedje. But under Illinois law deputy sheriff are employed by the County sheriff and not the county. *Moy v. County of Cook*, 640 N.E.2d 926, 159 Ill.2d 519 (1994). The County accordingly is not answerable under respondeat superior for the actions of Deputy Sheriff Tiedje.

6. In support of this motion, Defendants submit their memorandum of law.

Wherefore for the reasons described above, Defendants respectfully request that their motion be granted and that this court dismiss Counts III, IV, VI and VIII of the Complaint.

        Respectfully submitted,
DEPUTY SHERIFF ROBERT TIEDJE and
COUNTY OF LAKE,
Defendants

MICHAEL J. WALLER
State's Attorney of Lake County

By:    s/Tara Ori_____
       Assistant States Attorney

Michael J. Waller
States Attorney of Lake County
Tara Ori # 06282033
Gunnar Gunnarsson #06198562
Assistant States Attorneys
18 N. County Street
Waukegan, IL 60085
(847) 377-3050