IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE EDWARDS, | ) | |
| | ) | |
| Plaintiff , | ) | |
| | ) | |
| v. | ) | Case No. 08 C 3643 |
| | ) | |
| DEPUTY SHERIFF TIEDJE #1276 and | ) | Judge Guzman |
| the COUNTY OF LAKE, | ) | |
| | ) | Magistrate Judge Denlow |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO COUNTS I, II, V AND VII OF THE COMPLAINT**

These Defendants DEPUTY SHERIFF TIEDJE and the COUNTY OF LAKE, by MICHAEL WALLER, State's Attorney of Lake County, Illinois and by TARA ORI and GUNNAR GUNNARSSON, Assistant State's Attorneys for Lake County, and in answer to Complaint at Law state as follows:

**JURISDICTION**

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and § 1343(a); the Constitution of the United States and this Court's supplementary jurisdiction powers.

**ANSWER:**

Defendants admit the allegations of paragraph 1 of the Complaint.

## PARTIES

2. Plaintiff is a resident of the State of Illinois and of the United States.

**ANSWER:**

Defendants admit the allegations of paragraph 2 of the Complaint.

3. The Defendant Officer was at all times relevant hereto employed by and acting on behalf of the County of Lake.

**ANSWER:**

Defendants deny the allegations of paragraph 3 of the Complaint.

4. The County of Lake is a duly incorporated municipal corporation and is the employer and principal of the Defendant Officer as well as the other officers and/or employees referred to in this Complaint. At all times material to this complaint, the Defendant Officer was acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the County of Lake.

**ANSWER:**

Defendants admit the allegation that Deputy Tiedje was acting under color of state law at all material times. Defendants deny the remaining allegations of paragraph 4 of the Complaint.

## FACTS

5. On or about April 7, 2007, the Defendant Officer was engaged in an unreasonable seizure of the Plaintiff. Specifically, the Defendant Officer pepper-sprayed the Plaintiff despite

the fact that the Plaintiff had not resisted arrest, threatened the Defendant Officer, and was not a threat to the Defendant Officer. The Defendant Officer arrested and charged the Plaintiff with resisting arrest, notwithstanding the fact that on April 7, 2007 the Plaintiff had not resisted arrest. This conduct violated the Fourth Amendment to the Untied States Constitution.

    **ANSWER:**

Defendants admit that Deputy Tiedje pepper sprayed Willie Edwards on April 7, 2007. Defendants further admit that on or about April 7, 2007 plaintiff Willie Edwards was charged with resisting arrest. Defendants deny the remaining allegations of paragraph 5 of the Complaint.

    6. On or about April 7, 2007, Plaintiff did not obstruct justice, resist arrest and/or batter and/or battery and/or assault the Defendant Officer.

    **ANSWER:**

Defendants deny the allegations of paragraph 6 of the Complaint.

    7. The show of force initiated by the Defendant Officer caused an unreasonable seizure to the Plaintiff.

    **ANSWER:**

Defendants deny the allegations of paragraph 7 of the Complaint.

    8. The Defendant Officer charged and/or participated in the charging of Plaintiff with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the Plaintiff notwithstanding the fact that the Defendant Officer failed to observe and/or learn that

Plaintiff had committed criminal activity of any sort. The Defendant Officer did not have probable cause to believe that criminal activity took place relative to the Plaintiff.

**ANSWER:**

Defendants admit that defendant Tiedje participated in charging plaintiff Edwards and that defendant Tiedje then arrested plaintiff Edwards. Defendants deny the remaining allegations of paragraph 8 of the Complaint.

9. On April 7, 2007, Plaintiff had not committed an act contrary to the laws of the State of Illinois.

**ANSWER:**

Defendants deny the allegations of paragraph 9 of the Complaint.

10. As a direct and proximate result of one or more of the aforesaid acts or omissions of the Defendant Officer, Plaintiff was caused to suffer damages.

**ANSWER:**

Defendants deny the allegations of paragraph 10 of the Complaint.

11. On or about April 7, 2007, the Defendant Officer was on duty at all times relevant to this complaint and was a duly appointed police officer for the County of Lake. The Defendant Officer engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the Defendant Officer.

**ANSWER:**

Defendants admit that at all times relevant to the Complaint, defendant Tiedje was on duty and was engaged in the course and scope of his employment with the Sheriff of Lake County, Illinois. Defendants deny the remaining allegations of paragraph 11 of the Complaint.

12. Upon information and belief, Deputy Sheriff Tiedje #1276, on April 7, 2007, came into physical contact with Plaintiff.

**ANSWER:**

Defendants admit the allegations of paragraph 12 of the Complaint.

## EQUAL PROTECTION

13. The actions of the Defendant Officer, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against Plaintiff, demonstrate that the Defendant Officer failed in his duty to enforce the laws equally and fairly towards the Plaintiff, therefore violating the Equal Protection Clause of the fourteenth Amendment to the United States Constitution.

**ANSWER:**

Defendants deny the allegations of paragraph 13 of the Complaint.

14. With regard to an Equal Protection Claim, Plaintiff was a "Class of One." In that regard, Plaintiff was treated with ill will and/or discriminated against with no rational basis. Plaintiff was intentionally treated differently as a result of having a potential claim and

witnessing police misconduct attributable to the Defendant Officer. The Defendant Officer acted with discriminatory intent by treating Plaintiff differently and trying to cause further injury to Plaintiff by generating false evidence against Plaintiff. Further, Plaintiff was similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Police Officers.

**ANSWER:**

Defendants deny the allegations of paragraph 14 of the Complaint.

**SPECIFIC ALLEGATIONS REGARDING EQUAL PROTECTION CLASS OF ONE**
**(ALTERNATIVE PLEADING)**

15. The Defendant Officer has arrested over 20 individuals prior to the arrest of the Plaintiff.

**ANSWER:**

Defendants admit the allegations of paragraph 15 of the Complaint.

16. On at least 20 occasions prior to April 7, 2007 the Defendant has not falsified police reports.

**ANSWER:**

Defendants admit the allegations of paragraph 16 of the Complaint.

17. On at least 20 occasions prior to April 7, 2007 the Defendant Officer has not partaken in, or contributed to, the falsification of police reports.

**ANSWER:**

Defendants admit the allegations of paragraph 17 of the Complaint.

18. On at least 20 occasions prior to April 7, 2007, wherein the Defendant Officer has had occasion to place individuals into custody and/or under arrest, he did not use too much force, under the circumstances.

**ANSWER:**

Defendants admit the allegations of paragraph 18 of the Complaint.

19. The Defendant Officer has been trained, prior to April 7, 2007, that upon the signing of a criminal complaint, there is a strong likelihood that a criminal action will commence against the party against whom the allegations are submitted in the criminal complaint.

**ANSWER:**

Defendants admit the allegations of paragraph 19 of the Complaint.

20. The Defendant Officer, on at least 20 occasions prior to and/or after April 7, 2007, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

**ANSWER:**

Defendants admit the allegations of paragraph 20 of the Complaint.

21. The Defendant Officer, on at least 20 occasions prior to and/or after April 7, 2007, has signed criminal complaints and has not falsified information contained within said charging instruments.

**ANSWER:**

Defendants admit the allegations of paragraph 21 of the Complaint.

22. The Defendant Officer, on at least 20 occasions prior to and/or after April 7, 2007, has not used too much force under the circumstances while the Defendant Officer has been involved in an arrest of an individual(s).

**ANSWER:**

Defendants admit the allegations of paragraph 22 of the Complaint.

23. On April 7, 2007, there was no reasonable reason for the Defendant Officer to falsify a police report and/or criminal complaint or use more force than was necessary with respect to Plaintiff.

**ANSWER:**

Defendants admit that there was no reasonable reason for defendant Tiedje to falsify a police report and/or criminal complaint and that under the totality of the circumstances use more force than was reasonable.  Defendants deny the remaining allegations of paragraph 23 of the Complaint..

## COUNT I

### §1983 Excessive Force

24. Plaintiff re-alleges paragraphs 1-23 as though fully set forth herein.

**ANSWER:**

Defendants reallege their responses to paragraphs 1-23 as though fully set forth herein.

25. The actions, and/or the failure to intervene in the actions, of the Defendant Officer amounted to an excessive use of force onto Plaintiff.  This conduct violates the Fourth Amendment of the United States Constitution,.

**ANSWER:**

Defendants deny the allegations of paragraph 25 of the Complaint.

26. The aforementioned actions of the Defendant Officer were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:**

Defendants deny the allegations of paragraph 26 of the Complaint.

## COUNT II

### §1983 False Arrest

27. Plaintiff re-alleges paragraphs 1-23 as though fully set forth herein.

**ANSWER:**

Defendants reallege their responses to paragraphs 1-23 as though fully set forth herein.

28. The actions of the Defendant Officer caused the arrest of the Plaintiff without probable cause to believe that Plaintiff committed criminal activity. Therefore, the conduct of the Defendant Officer was in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:**

Defendants deny the allegations of paragraph 28 of the Complaint.

29. The aforementioned actions of the Defendant Officer were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER:**

Defendants deny the allegations of paragraph 29 of the Complaint.

## COUNT V
### Malicious Prosecution - State Claim

37. Plaintiff re-alleges paragraphs 1 - 23 as though fully set forth herein.

**ANSWER:**

Defendants reallege their responses to paragraphs 1-23 as though fully set forth herein.

38. The Defendant Officer alleged that Plaintiff violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against the Plaintiff.

**ANSWER:**

Defendants admit that the Defendant Officer alleged that Plaintiff violated the laws of the Sate of Illinois. Defendants deny the remaining allegations of paragraph 38 of the Complaint.

39. The Defendant Officer engaged in this effort without probable cause.

**ANSWER:**

Defendants deny the allegations of paragraph 39 of the Complaint.

40. The underlying criminal chargers were resolved in favor of Plaintiff.

**ANSWER:**

Defendants deny the allegations of paragraph 40 of the Complaint.

41. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

**ANSWER:**

Defendants deny the allegations of paragraph 41 of the Complaint.

## COUNT VII
### 745 ILCS 10/9-102 Claim Against the County of Lake

46. Plaintiff re-alleges paragraphs 1 - 45 as though fully set forth herein.

**ANSWER:**

Defendants reallege their responses to paragraphs 1 - 23 as though fully set forth herein.

47. Defendant County of Lake is the employer of the Defendant Officer alleged above.

**ANSWER:**

Defendants deny the allegations of paragraph 47 of the Complaint.

11

48. The Defendant Officer, as alleged above, committed the acts under color of law and in the scope of employment of the County of Lake,.

**ANSWER:**

Defendants deny the allegations of paragraph 48 of the Complaint.

### AFFIRMATIVE DEFENSE TO COUNTS I AND II
### OF THE COMPLAINT

Defendant Deputy Robert Tiedje states as his affirmative defense to the allegations of Counts I and II of the Complaint that he is entitled to qualified immunity from suit as he did not violate any clearly established constitutional rights of the Plaintiff of which an objectively reasonable officer would have been aware at the time alleged in Plaintiff's complaint.

### AFFIRMATIVE DEFENSES TO COUNT V
### OF THE COMPLAINT

1. Defendant Deputy Robert Tiedje states as his first affirmative defense to the allegations of Count V of the Complaint that he did not engage in willful or wanton conduct in any action or omission of his in execution or enforcement of the law and therefore he is entitled to immunity under Section 2-201 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202 .

2. Defendant Deputy Robert Tiedje states as his second affirmative defense to the allegations of Count V of the Complaint that he did not act maliciously institute or prosecute any judicial proceeding as alleged in the Complaint and therefore he is entitled to immunity under

Section 2-208 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-208.

Wherefore, Defendants deny that the Plaintiff is entitled to any judgment against them whatsoever and pray that this Court enter judgment in their favor and against the Plaintiff together with their costs assessed against the Plaintiff.

                        Respectfully submitted,

                        MICHAEL J. WALLER
                        State's Attorney of Lake County

By:    s/Tara Ori
            Assistant States Attorney

Michael J. Waller
States Attorney of Lake County
Gunnar Gunnarsson #06198562
Tara Ori #06282033
Assistant States Attorneys
18 N. County Street
Waukegan, IL 60085
(847) 377-3050